**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| AMERICAN PEARL GROUP, LLC, a Texas limited liability company; JOHN SARKISSIAN, an individual; ANDREI WIRTH, an individual<br><br>    Plaintiffs,<br><br>    v.<br><br>NATIONAL PAYMENT SYSTEMS, LLC, a Wyoming limited liability company; BECKVENTURES, LLC, a Delaware limited liability company; and Does 1-20, inclusive,<br><br>    Defendants. | Case. No.: 3:22-cv-00693-N |

**DEFENDANTS' SUPPLEMENTAL BRIEFING IN SUPPORT OF THEIR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendants National Payments Systems, LLC ("NPS") and BeckVentures, LLC ("BeckVentures"), pursuant to Fed. R. Civ. P. 12(b)(6) and Local Rule 7.1, hereby provide supplemental briefing on the issues raised in the Court's Order dated June 15, 2022. Dkt. 20.

**Statement of Facts[1]**

According to the Complaint, on May 8, 2019, NPS and American Pearl Group, LLC ("Pearl") entered into a Secured Residual Loan Agreement (the "NPS Loan Agreement") whereby NPS agreed to loan $375,100.85 to Pearl, to be repaid over a period of 42 months. Exhibit B to Complaint, Dkt. 1. In turn, the Payment Schedule is found at Exhibit B to the Loan Agreement,

---

[1] Because a more thorough statement of facts is contained in Defendants' Brief in Support of Their Motion to Dismiss for Failure to State a Claim, Dkt. 12, Defendants will here lay out only those facts pertaining to the subjects that the Court ordered to be addressed.

and it provided that Pearl would pay $684,967.76 over the course of the loan, combining both principal payments and interest.

Similarly, on January 22, 2020, Pearl and BeckVentures entered into a Secured Residual Loan Agreement (the "BeckVentures Agreement") whereby BeckVentures agreed to loan $137,853 to Pearl, to be repaid over 36 months. Exhibit E to Complaint, Dkt. 1. In turn, the Payment Schedule for the BeckVentures Loan is found at Exhibit B to the BeckVentures Agreement, and it provided that Pearl would pay $225,577.52 over the course of the loan, combining both principal payments and interest.

<strong>Argument</strong>

1.       <u>Section 303.009(c) of the Texas Finance Code Applies</u>

In Defendants' Brief in Support of Their Motion to Dismiss, Dkt. 12, they asserted that, to the extent Texas usury law governed the Parties' dispute (which they deny), Pearl would have to establish that Defendants had contracted with Pearl to receive interest in excess of 28% per year, in violation of Tex. Fin. Code Ann. § 303.009(c). Under that statute, "[f]or a contract made, extended, or renewed under which credit is extended for a business, commercial, investment, or similar purpose, the limitation on the ceilings determined by those computations is 28 percent a year." Tex. Fin. Code Ann. § 303.009(c). The Complaint, Dkt. 1, specifically alleges that "[t]he interest payment terms of the NPS Loan are usurious and violate Tex. Fin. Code Ann. § 303.009(c)." Complaint, ¶ 48. The Complaint also asserts that "Plaintiffs desire a judicial determination of Plaintiffs' rights and duties, and a declaration that the interest rate provisions of the NPS Loan are null and void, pursuant to Tex. Fin. Code Ann. § 303.009(c) and the common law." Complaint, ¶ 53. Likewise, Pearl asserts that the interest payment terms of the BeckVentures Agreement violate Subsection (c) and constitute interest in excess of 28% per year. Complaint, ¶

2

68. In its Complaint, Pearl does not assert that Defendants violated any other provision of Texas usury law, or that the NPS loan (allegedly) violated Texas usury law by charging an interest rate less than 28%.

Section 303.009(c) would be the applicable subsection. Subsection (c) provides that a loan made for a commercial or business purpose has a maximum interest rate of 28%. Tex. Fin. Code Ann. § 303.009(c). Texas caselaw confirms that the 28% interest rate applies to business loans, not consumer loans: "Texas law authorizes a maximum lawful rate of 18 percent per annum to be applied to a written contract *for personal loans* or up to 28 *percent for commercial loans*." *Vaughan v. Medina*, No. 13-18-00266-CV, 2020 WL 1951441, at *10 (Tex. App. Apr. 23, 2020), review denied (Sept. 11, 2020)) (emphasis added); *see also All Seasons Window & Door Mfg., Inc. v. Red Dot Corp.*, 181 S.W.3d 490, 498 n.5 (Tex. App. 2005) ("For loans concerning a 'business, commercial, investment, or similar purpose,' the maximum ceiling is twenty-eight percent") (internal citations omitted).

The NPS Loan Agreement does not constitute a personal loan; it is an agreement between two sophisticated business entities operating in the credit card payments industry and involving a complicated transaction whereby NPS would be authorized to purchase $16,309 worth of monthly residuals from Pearl for a price of $32,618. *See* Complaint, ¶ 46. This is not the kind of transaction a typical consumer would enter into. Instead, it is a commercial transaction entered into by two sophisticated businesses each seeking pecuniary gain from their dealings with the other. In fact, the NPS Loan Agreement itself specified that it was a commercial loan, as it required Pearl to "represent[] that this loan is for commercial and business purposes only." Exhibit B to Complaint, § 5.1(a), Dkt. 1. For this reason, assuming that the Option Agreement constituted a loan to which

Texas usury law applies, the Option Agreement would be a commercial loan to which the 28% interest rate applies.

Assuming the Texas usury law applies, Sections 303.009(a) and (b) are not applicable. Subsection (a) provides that "[i]f the rate computed for the weekly, monthly, quarterly, or annualized ceiling is less than 18 percent a year, the ceiling is 18 percent a year." Tex. Fin. Code Ann. § 303.009(a). This subsection applies to consumer loans, as business loans are covered under Subsection (c). The amount of the minimum and maximum ceilings depends on whether the loan is a consumer loan or business loan: "Texas law authorizes a maximum lawful rate of 18 percent per annum to be applied to a written contract for personal loans or up to 28 percent for commercial loans." *Vaughan*, 2020 WL 1951441, at *10; *see also All Seasons*, 181 S.W.3d at 498 n.5. This is a loan between two sophisticated business entities, and it therefore does not constitute a consumer loan. Accordingly, Subsection (a) does not apply.

Subsection (b) does not apply. Subsection (b) provides that "[e]xcept as provided by Subsection (c), if the rate computed for the weekly, monthly, quarterly, or annualized ceiling is more than 24 percent a year, the ceiling is 24 percent a year." Tex. Fin. Code Ann. § 303.009(b). For the reasons explained above, subsection (c) would apply to the instant dispute, as Pearl alleges that the Loan Agreements constituted credit extended for a business purpose. Accordingly, subsection (b) does not apply. Moreover, as laid out below, the interest rate for the NPS Loan Agreement constitutes 23.6028% per year. Accordingly, even if Subsection (b)'s interest rate of 24% applied, the NPS Loan would still not be in violation of that provision. Likewise, the BeckVentures Loan provides for an interest rate of 21.2124% per year, and therefore the BeckVentures Loan would not be in violation of Texas law even if Subsection (b) applied.

2.      The Loan Payment Schedules Do Not Constitute Interest Exceeding That Allowed Under Texas Law

The Loan Payment Schedule for the NPS Loan does not create an amount of interest exceeding that allowed under Texas law. For the reasons explained above, the applicable interest rate under Texas law is 28%. The interest rate on the loan repayment itself is 23.6028% per year, as the total payments made (principal + interest) over the course of the 42-month loan is $684,967.76, and the principal for the loan was $375,100.85. *See* Exhibit B to Complaint, Dkt. 1. Thus, the amount of interest laid out in the NPS Loan Agreement is not usurious.

Likewise, the Loan Payment Schedule for the BeckVentures Loan does not create an amount of interest exceeding that allowed under Texas law. The interest on the BeckVentures loan repayment is 21.2124% per year, as the total payments made (principal + interest) over the course of the 36-month loan is $225,577.52, and the principal for the loan was $137,853. *See* Exhibit E to Complaint, Dkt. 1. Thus, the interest required by the BeckVentures Agreement is less than 28%, and it is therefore not usurious under Texas law.

Because the amount of interest contracted for in the loan payments schedules is not usurious, Pearl instead must assert that the usurious interest comes from the Option Agreement (indeed, Pearl's Complaint does not even allege that the loan payment schedule, standing alone, constitutes usurious interest). For the reasons explained in Defendants' Brief in Support of Their Motion to Dismiss, Texas usury law does not apply to the Option Agreements, and the Option Agreements cannot, as a matter of law, constitute an amount of interest exceeding 28%. *See* Dkt. 12. Moreover, even if the Option Agreements did constitute interest, it is currently unknowable what the interest rate would be, and a contract cannot be usurious if the amount the lender is to

5

receive is unclear, even if the probable value is more than the maximum interest rate. *See* Dkt. 12;

*Beavers v. Taylor*, 434 S.W.2d 230, 231 (Tex. Civ. App. 1968).

### Conclusion

For the reasons laid out above, Section 303.009(c)'s 28% maximum interest rate applies to

the loan payment schedule, and the loans provide for an interest rate less than 28%. Therefore, for

the reasons explained above and in the Motion to Dismiss, Plaintiffs' claims for usury under Texas

law cannot succeed as a matter of law, even if every well-pled factual allegation in the Complaint

were true. Accordingly, the Court should dismiss the Complaint for a failure to state a claim upon

which relief may be granted.

Respectfully submitted this 29th day of June, 2022,

By */s/ Adam Sanderson*

**REESE MARKETOS LLP**
Adam Sanderson
750 N. Saint Paul St., Suite 600
Dallas/TX/75201
(214) 382-9810
adam.sanderson@rm-firm.com

**KUTAK ROCK LLP**
Oliver D. Griffin (*pro hac vice pending*)
CO Bar No. 52292
1801 California Street, Suite 3000
Denver, CO  80202
(303) 297-2400
oliver.griffin@kutakrock.com

Jeffrey M. Giancana (*admitted pro hac vice*)
AZ. Bar No. 035031
8601 North Scottsdale Road, Suite 300
Scottsdale, AZ 85253
(480) 429-4834
jeffrey.giancana@kutakrock.com

*Attorneys for Defendants*

6

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all the registered participants.

REEVE, AUGUSTINE, ALARAKHIA, PLLC

Ashley Reeve Basnett
P.O. Box 1398
Athens, TX 75751
(903) 887-0602
ashley@reeveaugustine.com

CATANZARITE LAW CORPORATION

Kenneth J Catanzarite
2331 West Lincoln Ave
Anaheim, CA 92801
714-520-5544
kcatanzarite@catanzarite.com
*Attorneys for Plaintiffs*

By */s/ Adam Sanderson*_____

**REESE MARKETOS LLP**
Adam Sanderson
750 N. Saint Paul St., Suite 600
Dallas/TX/75201
(214) 382-9810
adam.sanderson@rm-firm.com

7