**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **AMERICAN PEARL GROUP, LLC, a Texas limited liability company; JOHN SARKISSIAN, an individual; ANDREI WIRTH, an individual;**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**NATIONAL PAYMENT SYSTEMS, LLC, a Wyoming limited liability company; BECKVENTURES, LLC, a Delaware limited liability company; and Does 1-20, inclusive,**<br><br>    **Defendants.** | Civil Action No.: 3:22-cv-00693-N<br>Assigned for All Purposes to<br>Hon. David C. Godbey<br>Dept. 1505<br><br><br>**PLAINTIFFS' RESPONSE TO COURT'S SUPPLEMENTAL BRIEFING ORDER DOCUMENT 20 FILED 06/15/22; COUNSEL'S DECLARATION IN SUPPORT** |

Plaintiffs American Pearl Group, LLC ("Pearl"), John Sarkissian, and Andrei Wirth (collectively "Plaintiffs") respond to the Court's Supplemental Briefing Order Document No. 20 Filed 06/15/22 regarding defendants National Payment Systems, LLC ("NPS") and Beckventures, LLC's ("Beck") (collectively "Defendants") Motion to Dismiss.

At the outset is important to address the unusual nature of the actual Payment Schedules set out in the Residual Loan Agreements attached to the Complaint at Exhibits "B" and "E" appearing at Docket 1-1 (See Pages 42-43 and 104-105 respectively). These are not traditional loan amortization schedules. Instead they are a confusing and misleading array of payments. Specifically, the monthly payment escalates over the 42 and 36 month periods for the NPS Loan and Beck Loan respectively while the Principal Amounts remain constant at $8,930.97 and $3,829.25 respectively. These contracted schedules bind the parties and are the basis of the

calculations provided by Plaintiffs in both the original Schedules "I" and "K" but also in the calculations set out at Exhibits "1" and "2" attached hereto. It is because of the non-traditional Payments Schedules that to answer the Court's last question specific month by month calculations are required.

For the reasons stated herein and directly responding to the Court's Question 3, in each of the Residual Loan Agreements attached to the Complaint at Exhibits "B" and "E" appearing at Docket 1-1 (See Pages 42-43 and 104-105 respectively) "...the loan payment schedules contract for an amount of interest exceeding the amount allowable under Texas law." Moreover, the Plaintiffs in their complaint as to each of those schedules provided the total scheduled Principal and Interest at Exhibits "H" through "K" calculated against the amount of Interest at the 28% ceiling rate a year from each such schedules at Complaint Exhibits "I" and "K" as $188,175.60 on the $375,100.85 loan (Exhibit "I" page 157) and $59,506.52 on the $137,852.93 loan (Exhibit "K" page 163).

Addressing the Court's question, Exhibits "I" and "K" can be easily adjusted by simply subtracting the "Added Residual Interest Payment" from each of the totals which results in:

On the NPS loan of $375,100.85 Exhibit B which provided total interest to be paid of $929,607.92 less the $619,742 (the Added Residual Interest Payment) results in scheduled interest of $309,865.92 when *allowable interest at the 28% ceiling would be limited to $188,175.60* **or an excess of $121,690.32** which Plaintiffs contend is usurious allowing treble damages of 3 times or $365,070.96. See Schedule "I" page 177.

On the Beck Loan of $137,852.93 Exhibit E total interest to be paid of $332,098.60 less $244,374.00 (the Added Residual Interest Payment) results in scheduled interest of $87,724.93

2.

when *allowable interest at the 28% ceiling would be limited to $59,506.52* **or an excess of**

**$28,218.41** which is usurious allowing treble damages of 3 times or $84,655.23. See Schedule

"K" page 183.

This math is confirmed below and in newly supplied schedules "1" and "2" discussed

below.

**A.      Plaintiffs Do Not Contend the Applicable Interest Rate is 10% But Instead the 28%**

**Ceiling Rate A Year For Both of the Secured Residual Loan Agreements Attached**

**to the Complaint at Exhibits B and E.**

The Order asked "Plaintiffs - please address the effect of section 306.002(a) (and the rate

ceilings established in section 303) of the Texas Finance Code on your contention that the

ten percent maximum rate found in section 302.001(b) applies to this transaction." Plaintiffs do

not so contend but concur the maximum rate is subject to a 28%, ceiling which was exceeded as

provided herein. Section 303.009( c) states "For a contract made, extended, or renewed under

which credit is extended for a business, commercial, investment, or similar purpose, the

limitation on the ceilings determined by those computations is **28 percent a year**." *Bold*

*emphasis added, Tex. Fin.Code Ann*. § 303.009( c).

The Complaint in the First Cause of Action alleges at Paragraphs 45, 48 and 49 for the

NPS Loan as follows:

> 45. Plaintiffs allege that the Governing Law provision of the NPS Loan is not
> enforceable here because under Texas law, "contracting for, charging, or receiving
> interest that is greater than the statutory maximum is contrary to public policy, and
> creditors that charge usurious interest are subject to penalties." *Express Working*
> *Capital, LLC v. Starving Students, Inc.*, 28 F. Supp. 3d 660, 665 (N.D. Tex.
> 2014).
> ...

3.

48. The interest payment terms of the NPS Loan are usurious and violate **Tex. Fin. Code Ann. § 303.009( c)**, which states "For a contract made, extended, or renewed under which credit is extended for a business, commercial, investment, or similar purpose, the limitation on the ceilings determined by those computations is **28 percent a year**."

49. PEARL further alleges that pursuant to Tex. Fin. Code Ann. § 305.001 (a-1) NPS "... is liable to [PEARL] for an amount that is equal to three times the amount computed by subtracting the amount of interest allowed by law from the total amount of interest contracted for or received." Italics added. As such and as set out in Exhibit "I" incorporated here in full, NPS was entitled to charge not more than $188,175 over the 42 month term but charged a total of $929,607.72 a difference of $741,432.32. PEARL is therefore entitled by statute to damages of three times the $741,432.32 difference or the sum of $2,224,296.95.

*Bold emphasis added.*

The same language appears in the Complaint Second Cause of Action at Paragraphs 65, 68 and 69 for the Beck Loan, that is the 28% ceiling on interest and the numbers analysis related to said loan.

**B.    The Scheduled Payments With the Unusual Payment Schedules, Where Principal is Constant While Payments Increase for the NPS Loan and Beck Loan, Both Exceed the 28% Ceiling A Year Allowable Under Texas Law Even Without the Residual Option Agreement.**

The Court's third question provided: "Having fully addressed the Court's questions regarding the applicable rate ceiling, both parties should address whether the loan payment schedules contract for an amount of interest exceeding the amount allowable under Texas law." The response is yes as described herein.

As stated above Plaintiffs have attached as Exhibits 1 and 2 schedules that exactly duplicate the escalating payments and flat principal amounts called for under the Payment

4.

Schedules at Exhibits B and E pages 42-43 and 104–105. Importantly, these schedules are not remotely a customary amortization schedule but instead an unusual, Plaintiffs argue deliberately confusing method designed to conceal the actual interest rate, which here clearly exceeds the 28% ceiling rate a year even without the Residual Option purchase.

Under the Texas Finance Code, "usurious interest" is defined as interest that exceeds the applicable amount allowed by law. *Texas Finance Code* § 301.002(a)(17). In construing loan documents, the court must ascertain and give effect to the objective written intention of the parties as expressed in the written document(s). *Woodcrest Associates, Ltd. V. Commonwealth Mort. Corp.*, 115 S.W.2d 434 (Tex. App - Dallas 1989, writ denied). Intent in usury cases does not mean the intent to charge a usurious rate of interest; but means the intent to make the bargain that was made. *Alamo Lumber v. Gold*, 661 S.W.2d 926 (Tex. 1983).

The essential elements of a usurious transaction are a loan of money, an absolute obligation that the principal be repaid, and an exaction of a greater compensation than allowed by law for use of the money by the borrower, and whether this is accomplished directly or indirectly is immaterial. *Bexar Building & Loan Association v. Robinson*, 78 Tex. 163 (Tex. 1890); *Maxwell v. Bankston's Estate*, 433 S.W.2d 229 (Tex. Civ. App. - Texarkana, 1968).

The usury statutes impose penalties on a creditor who contracts for, charges, or receives interest in excess of the legal maximum. *Texas Finance Code* § 305.001. Usury does not depend on whether or not the lender actually receives more than the legal rate, but the analysis is whether the contract, if performed according to its terms, would result in producing to the lender a rate of interest greater than is allowed by law. *Shropshire v. Commerce Farm Credit Co.*, 30 S.W.2d 282 (1930). The important point here is that the actual Payment Schedules in Exhibits B and E to

5.

the Complaint bind the lender throughout the loan terms of 42 and 36 months as the contracted amounts.

While the current calculations at Exhibits "I" and "K" use the 28% a year ceiling rate they also added on the last line an amount for the value of the Residual Option which Plaintiffs allege are a part of the payment consideration of interest. Without waiving that position, Plaintiffs have calculated the scheduled interest contracted for compared to the 28% a year ceiling rate at Exhibits "1" and "2" attached hereto. The results are summarily as follows:

**NPS Loan $375,100.85**

| | |
|---|---|
| Total Scheduled Interest Payment[1] | $309,865.92 |
| Less Ceiling Interest at 28% Ceiling Rate[2] | 188,175.60 |
| Scheduled Interest Over Ceiling Rate Interest | $121,690.32 |

**Beck Loan $137,852.93**

| | |
|---|---|
| Total Scheduled Interest Payment[3] | $87,724.60 |
| Less Ceiling Interest at 28% Ceiling Rate[4] | 59,506.52 |
| Scheduled Interest Over Ceiling Rate Interest | $28,218.08 |

In making the foregoing calculations Plaintiffs compared the *actual scheduled payments of principal and interest charges monthly* over the term of the contracted repayment schedules

---

[1] Exhibit 1 Col. F Line 48 derived from Exhibit B Payment Schedule - Interest Payment at pages 42-43.

[2] Exhibit 1 Col. G Line 48.

[3] Exhibit 2 Col. F Line 42 derived from Exhibit E Payment Schedule - Interest Payment at page 104.

[4] Exhibit 2 Col. G Line 42.

versus interest computed at the 28% ceiling rate per year.  The totals of the contracted scheduled interest payments and the monthly interest at the 28% ceiling rate a year were summed.  The difference between the two totals was computed, with that difference being what Plaintiffs contend clearly demonstrates are the usurious amounts charged by NPS and Beck respectively, i.e. the contracted interest total in excess of the ceiling rate of 28% a year. See Declaration of Kenneth J. Catanzarite ¶4 and attached Exhibits 1 and 2.

The 28% ceiling rate a  year is calculated as simple interest because there is no note provision for compounding. Moreover, the instruments provide for a default rate which itself is usurious in that it provides for an amount in excess of the 28% ceiling as well. Finally, there is no provision for interest on interest because the Maximum Rate only applies to the "unpaid principal balance"[5] as follows:

2.2 Maturity Date. The outstanding Principal Amount, together with all accrued interest and any additional fees, if not paid sooner, shall be due and payable in full on the Maturity Date. In addition to the rights and remedies set forth in this Agreement, if Borrower fails to make the required payments on the Maturity Date, **then the unpaid principal balance on the Loan** shall automatically bear interest at the Default Rate. See *Bold emphasis added,* See B page 27 and E page 90.

1.1 Certain Defined Terms....

"Default Rate" means the lesser of (a) the Maximum Rate **and** (b) five (5) percentage points above the then current effective interest rate. *Bold emphasis added,* See B page 25

---

[5] This likely the result that the scheduled principal and interest payments are paid directly from the Residual Income stream. See Section 2.6 "...Monthly Payments shall be made via withholding of Residuals by Lender...." Exhibit B page 28 and E page 91.

and E page 88.

"Maximum Rate" means the maximum nonusurous interest rate, if any, at any time, or from time to time, that may be contracted for, taken, reserved, charged or received under applicable state and federal laws. See B page 26 and E page 89.

Still further, the two Residual Loan Agreements contain a purported savings clause. However, in order to cure a usury violation, section 305.103 requires that a lender timely notify the borrower of the violation and make any necessary adjustment to reduce the interest to a nonusurious rate. See *Tex. Fin.Code Ann*. § 305.103(a). Neither NPS nor Beck provided such a notice let alone was one timely provided.

## C.     Conclusion

The interest payments contracted for by Plaintiffs with both NPS and Beck are usurious because they each exceed the allowable 28% ceiling rate a year and are therefore usurious. Plaintiffs reserve the right to pursue the residual option as having been additional usurious interest. For the reasons stated this court should deny the motion to dismiss because given the usurious loan interest charged by NPS and Beck the fundamental public policy of Texas applies.

Respectfully submitted June 29, 2022,

**REEVE | AUGUSTINE | ALARAKHIA, PLLC**

By:     /s/ Ashley Reeve Basnett
Ashley Reeeve Basnett
Texas Bar No. 24079190
REEVE | AUGUSTINE | ALARAKHIA, PLLC
P.O. BOX 1398
Athens, Texas 75751
Telephone: (903) 887-0602
Facsimile: (903) 887-0941
ashley@reeveaugustine.com

8.

**CATANZARITE LAW CORPORATION**

By:      /s/ Kenneth J.Catanzarite

Kenneth J. Catanzaite (Pro Hac Vice)
CATANZARITE LAW CORPORATION
2331 W. Lincoln Ave.,
Anaheim, California 92660
Telephone: (714) 520-5544
Facsimile: (714) 520-0680
kcatanzarite@catanzarite.com

9.

## DECLARATION OF KENNETH J. CATANZARITE

I, Kenneth J. Catanzarite, have personal knowledge of each fact set forth in this declaration based upon my observation of, participation in, and recollection of, the matters and events to which I declare. I could and would competently testify to each fact set forth in this declaration if called and duly sworn by this Court. I certify and declare as follows:

1.      I am licensed to appear before the courts of the State of California.

2.      I am a principle of Catanzarite Law Corporation, pro hac vice counsel for Plaintiffs American Pearl Group, LLC ("Pearl"), John Sarkissian, and Andrei Wirth (collectively "Plaintiffs") in the instant action against defendants National Payment Systems, LLC ("NPS") and Beckventures, LLC's ("Beck") (collectively "Defendants") and provide my declaration in support of my clients' opposition to Defendants motion to dismiss under Federal Rules of Civil Procedure, 12(b)(6).

3.      In responding to this Court's requests I caused to be prepared the Excel Schedules at Exhibits 1 and 2 In making the foregoing calculations Plaintiffs compared the *actual scheduled payments of principal and interest charges monthly* over the term of the contracted repayment schedules versus interest computed at the 28% ceiling rate per year.  The totals of the contracted scheduled interest payments and the monthly interest at the 28% ceiling rate a year were summed.  The difference between the two totals was computed, with that difference being what Plaintiffs contend clearly demonstrates are the usurious amounts charged by NPS and Beck respectively, i.e. the contracted interest total in excess of the ceiling rate of 28% a year.

10.

4.      which are attached hereto. In making the calculations Plaintiffs compared the scheduled interest charges on the contracted repayment schedule appearing in Exhibits B and E versus interest computed at the 28% ceiling rate a year.  The totals of the contracted scheduled interest payments and the the 28% ceiling rate a year simple interest were summed.  The difference between the two totals was computed, with that difference being what Plaintiffs contend are the minimum usurious amounts charged by NPS and Beck on their loans respectively.

5.      Plaintiffs reserve the right to assert that the Residual Option provision is also interest and usurious as well.

I certify and declare under the penalty of perjury under the laws of the States of California and Texas that the foregoing is true and correct.

Executed June 29, 2022 at Anaheim, California.

_____
Kenneth J. Catanzarite

11.

**Exhibit 1**

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | NPS Loan of $375,100.85 | | Exhibit 1 | | | | | |
| 2 | | | | | | Scheduled | Interest @28% | |
| 3 | | | | | Principal | Interest | Per Year | |
| 4 | Month # | Month | Balance | Payment | Payment | Payment | Ceiling Rate | |
| 5 | 0 | | | $ (375,100.85) | | | | |
| 6 | 1 | May-19 | $ 375,100.85 | $ 12,500.00 | $ 8,930.97 | $ 3,569.03 | 8752.35 | |
| 7 | 2 | Jun-19 | $ 366,169.88 | $ 12,656.25 | $ 8,930.97 | $ 3,725.28 | 8543.96 | |
| 8 | 3 | Jul-19 | $ 357,238.90 | $ 12,814.45 | $ 8,930.97 | $ 3,883.48 | 8335.57 | |
| 9 | 4 | Aug-19 | $ 348,307.93 | $ 12,974.63 | $ 8,930.97 | $ 4,043.66 | 8127.19 | |
| 10 | 5 | Sep-19 | $ 339,376.96 | $ 13,136.82 | $ 8,930.97 | $ 4,205.84 | 7918.8 | |
| 11 | 6 | Oct-19 | $ 330,445.99 | $ 13,301.03 | $ 8,930.97 | $ 4,370.05 | 7710.41 | |
| 12 | 7 | Nov-19 | $ 321,515.01 | $ 13,467.29 | $ 8,930.97 | $ 4,536.32 | 7502.02 | |
| 13 | 8 | Dec-19 | $ 312,584.04 | $ 13,635.63 | $ 8,930.97 | $ 4,704.66 | 7293.63 | |
| 14 | 9 | Jan-20 | $ 303,653.07 | $ 13,806.08 | $ 8,930.97 | $ 4,875.10 | 7085.24 | |
| 15 | 10 | Feb-20 | $ 294,722.10 | $ 13,978.65 | $ 8,930.97 | $ 5,047.68 | 6876.85 | |
| 16 | 11 | Mar-20 | $ 285,791.12 | $ 14,153.39 | $ 8,930.97 | $ 5,222.41 | 6668.46 | |
| 17 | 12 | Apr-20 | $ 276,860.15 | $ 14,330.30 | $ 8,930.97 | $ 5,399.33 | 6460.07 | |
| 18 | 13 | May-20 | $ 267,929.18 | $ 14,509.43 | $ 8,930.97 | $ 5,578.46 | 6251.68 | |
| 19 | 14 | Jun-20 | $ 258,998.21 | $ 14,690.80 | $ 8,930.97 | $ 5,759.83 | 6043.29 | |
| 20 | 15 | Jul-20 | $ 250,067.23 | $ 14,874.43 | $ 8,930.97 | $ 5,943.46 | 5834.9 | |
| 21 | 16 | Aug-20 | $ 241,136.26 | $ 15,060.36 | $ 8,930.97 | $ 6,129.39 | 5626.51 | |
| 22 | 17 | Sep-20 | $ 232,205.29 | $ 15,248.62 | $ 8,930.97 | $ 6,317.65 | 5418.12 | |
| 23 | 18 | Oct-20 | $ 223,274.32 | $ 15,439.23 | $ 8,930.97 | $ 6,508.25 | 5209.73 | |
| 24 | 19 | Nov-20 | $ 214,343.34 | $ 15,632.22 | $ 8,930.97 | $ 6,701.24 | 5001.34 | |
| 25 | 20 | Dec-20 | $ 205,412.37 | $ 15,827.62 | $ 8,930.97 | $ 6,896.65 | 4792.96 | |
| 26 | 21 | Jan-21 | $ 196,481.40 | $ 16,025.47 | $ 8,930.97 | $ 7,094.49 | 4584.57 | |
| 27 | 22 | Feb-21 | $ 187,550.43 | $ 16,225.78 | $ 8,930.97 | $ 7,294.81 | 4376.18 | |
| 28 | 23 | Mar-21 | $ 178,619.45 | $ 16,428.61 | $ 8,930.97 | $ 7,497.63 | 4167.79 | |
| 29 | 24 | Apr-21 | $ 169,688.48 | $ 16,633.96 | $ 8,930.97 | $ 7,702.99 | 3959.4 | |
| 30 | 25 | May-21 | $ 160,757.51 | $ 16,841.89 | $ 8,930.97 | $ 7,910.92 | 3751.01 | |
| 31 | 26 | Jun-21 | $ 151,826.53 | $ 17,052.41 | $ 8,930.97 | $ 8,121.44 | 3542.62 | |
| 32 | 27 | Jul-21 | $ 142,895.56 | $ 17,265.57 | $ 8,930.97 | $ 8,334.59 | 3334.23 | |
| 33 | 28 | Aug-21 | $ 133,964.59 | $ 17,481.39 | $ 8,930.97 | $ 8,550.41 | 3125.84 | |
| 34 | 29 | Sep-21 | $ 125,033.62 | $ 17,699.90 | $ 8,930.97 | $ 8,768.93 | 2917.45 | |
| 35 | 30 | Oct-21 | $ 116,102.64 | $ 17,921.15 | $ 8,930.97 | $ 8,990.18 | 2709.06 | |
| 36 | 31 | Nov-21 | $ 107,171.67 | $ 18,145.17 | $ 8,930.97 | $ 9,214.19 | 2500.67 | |
| 37 | 32 | Dec-21 | $ 98,240.70 | $ 18,371.98 | $ 8,930.97 | $ 9,441.01 | 2292.28 | |
| 38 | 33 | Jan-22 | $ 89,309.73 | $ 18,601.63 | $ 8,930.97 | $ 9,670.66 | 2083.89 | |
| 39 | 34 | Feb-22 | $ 80,378.75 | $ 18,834.15 | $ 8,930.97 | $ 9,903.18 | 1875.5 | |
| 40 | 35 | Mar-22 | $ 71,447.78 | $ 19,069.58 | $ 8,930.97 | $ 10,138.61 | 1667.11 | |
| 41 | 36 | Apr-22 | $ 62,516.81 | $ 19,307.95 | $ 8,930.97 | $ 10,376.98 | 1458.73 | |
| 42 | 37 | May-22 | $ 53,585.84 | $ 19,549.30 | $ 8,930.97 | $ 10,618.33 | 1250.34 | |
| 43 | 38 | Jun-22 | $ 44,654.86 | $ 19,793.66 | $ 8,930.97 | $ 10,862.69 | 1041.95 | |
| 44 | 39 | Jul-22 | $ 35,723.89 | $ 20,041.08 | $ 8,930.97 | $ 11,110.11 | 833.56 | |
| 45 | 40 | Aug-22 | $ 26,792.92 | $ 20,291.60 | $ 8,930.97 | $ 11,360.63 | 625.17 | |
| 46 | 41 | Sep-22 | $ 17,861.95 | $ 20,545.24 | $ 8,930.97 | $ 11,614.27 | 416.78 | |
| 47 | 42 | Oct-22 | $ 8,930.97 | $ 20,802.06 | $ 8,930.97 | $ 11,871.09 | 208.39 | |
| 48 | TOTAL | | | $ 684,966.77 | $ 375,100.85 | $ 309,865.92 | $ 188,175.60 | |
| 49 | | | | | | $ (188,175.60) | Ceiling | |
| 50 | | | | | | $ 121,690.32 | Excess interest above ceiling | |
| 51 | | | | | x | 3 | Multiplier 3x | |
| 52 | | | | | | $ 365,070.96 | Damages | |

**Exhibit 2**

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 1 | NPS Loan of $137,852.93 | | Exhibit 2 | | | | |
| 2 | | | | | | Scheduled | Interest @28% |
| 3 | | | | | Principal | Interest | Per Year |
| 4 | Month # | Month | Balance | Payment | Payment | Payment | Ceiling Rate |
| 5 | 0 | | | $ (137,852.93) | | | |
| 6 | 1 | Jan-20 | $ 137,852.93 | $ 5,000.00 | $ 3,829.25 | $ 1,170.75 | 3216.57 |
| 7 | 2 | Feb-20 | $ 134,023.68 | $ 5,062.50 | $ 3,829.25 | $ 1,233.25 | 3127.22 |
| 8 | 3 | Mar-20 | $ 130,194.43 | $ 5,125.78 | $ 3,829.25 | $ 1,296.53 | 3037.87 |
| 9 | 4 | Apr-20 | $ 126,365.19 | $ 5,189.85 | $ 3,829.25 | $ 1,360.61 | 2948.52 |
| 10 | 5 | May-20 | $ 122,535.94 | $ 5,254.73 | $ 3,829.25 | $ 1,425.48 | 2859.17 |
| 11 | 6 | Jun-20 | $ 118,706.69 | $ 5,320.41 | $ 3,829.25 | $ 1,491.16 | 2769.82 |
| 12 | 7 | Jul-20 | $ 114,877.44 | $ 5,386.92 | $ 3,829.25 | $ 1,557.67 | 2680.47 |
| 13 | 8 | Aug-20 | $ 111,048.19 | $ 5,454.25 | $ 3,829.25 | $ 1,625.00 | 2591.12 |
| 14 | 9 | Sep-20 | $ 107,218.95 | $ 5,522.43 | $ 3,829.25 | $ 1,693.18 | 2501.78 |
| 15 | 10 | Oct-20 | $ 103,389.70 | $ 5,591.46 | $ 3,829.25 | $ 1,762.21 | 2412.43 |
| 16 | 11 | Nov-20 | $ 99,560.45 | $ 5,661.35 | $ 3,829.25 | $ 1,832.11 | 2323.08 |
| 17 | 12 | Dec-20 | $ 95,731.20 | $ 5,732.12 | $ 3,829.25 | $ 1,902.87 | 2233.73 |
| 18 | 13 | Jan-21 | $ 91,901.95 | $ 5,803.77 | $ 3,829.25 | $ 1,974.52 | 2144.38 |
| 19 | 14 | Feb-21 | $ 88,072.71 | $ 5,876.32 | $ 3,829.25 | $ 2,047.07 | 2055.03 |
| 20 | 15 | Mar-21 | $ 84,243.46 | $ 5,949.77 | $ 3,829.25 | $ 2,120.53 | 1965.68 |
| 21 | 16 | Apr-21 | $ 80,414.21 | $ 6,024.15 | $ 3,829.25 | $ 2,194.90 | 1876.33 |
| 22 | 17 | May-21 | $ 76,584.96 | $ 6,099.45 | $ 3,829.25 | $ 2,270.20 | 1786.98 |
| 23 | 18 | Jun-21 | $ 72,755.71 | $ 6,175.69 | $ 3,829.25 | $ 2,346.44 | 1697.63 |
| 24 | 19 | Jul-21 | $ 68,926.47 | $ 6,252.89 | $ 3,829.25 | $ 2,423.64 | 1608.28 |
| 25 | 20 | Aug-21 | $ 65,097.22 | $ 6,331.05 | $ 3,829.25 | $ 2,501.80 | 1518.94 |
| 26 | 21 | Sep-21 | $ 61,267.97 | $ 6,410.19 | $ 3,829.25 | $ 2,580.94 | 1429.59 |
| 27 | 22 | Oct-21 | $ 57,438.72 | $ 6,490.31 | $ 3,829.25 | $ 2,661.07 | 1340.24 |
| 28 | 23 | Nov-21 | $ 53,609.47 | $ 6,571.44 | $ 3,829.25 | $ 2,742.19 | 1250.89 |
| 29 | 24 | Dec-21 | $ 49,780.22 | $ 6,653.59 | $ 3,829.25 | $ 2,824.34 | 1161.54 |
| 30 | 25 | Jan-22 | $ 45,950.98 | $ 6,736.76 | $ 3,829.25 | $ 2,907.51 | 1072.19 |
| 31 | 26 | Feb-22 | $ 42,121.73 | $ 6,820.96 | $ 3,829.25 | $ 2,991.72 | 982.84 |
| 32 | 27 | Mar-22 | $ 38,292.48 | $ 6,906.23 | $ 3,829.25 | $ 3,076.98 | 893.49 |
| 33 | 28 | Apr-22 | $ 34,463.23 | $ 6,992.55 | $ 3,829.25 | $ 3,163.31 | 804.14 |
| 34 | 29 | May-22 | $ 30,633.98 | $ 7,079.96 | $ 3,829.25 | $ 3,250.71 | 714.79 |
| 35 | 30 | Jun-22 | $ 26,804.74 | $ 7,168.46 | $ 3,829.25 | $ 3,339.21 | 625.44 |
| 36 | 31 | Jul-22 | $ 22,975.49 | $ 7,258.07 | $ 3,829.25 | $ 3,428.82 | 536.09 |
| 37 | 32 | Aug-22 | $ 19,146.24 | $ 7,348.79 | $ 3,829.25 | $ 3,519.54 | 446.75 |
| 38 | 33 | Sep-22 | $ 15,316.99 | $ 7,440.65 | $ 3,829.25 | $ 3,611.40 | 357.4 |
| 39 | 34 | Oct-22 | $ 11,487.74 | $ 7,533.66 | $ 3,829.25 | $ 3,704.41 | 268.05 |
| 40 | 35 | Nov-22 | $ 7,658.50 | $ 7,627.83 | $ 3,829.25 | $ 3,798.58 | 178.7 |
| 41 | 36 | Dec-22 | $ 3,829.25 | $ 7,723.18 | $ 3,829.25 | $ 3,893.93 | 89.35 |
| 42 | TOTAL | | | $ 225,577.53 | $ 137,852.93 | $ 87,724.60 | $ 59,506.52 |
| 43 | | | | | | $ (59,506.52) | Ceiling |
| 44 | | | | | | $ 28,218.08 | Excess interest above 28% per annum |
| 45 | | | | | x | 3 | Multiplier 3x |
| 46 | | | | | | $ 84,654.23 | Damages |

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all the registered participants.

**REESE MARKETOS LLP**
Adam Sanderson
750 N. Saint Paul St., Suite 600
Dallas/TX/75201
(214) 382-9810
adam.sanderson@rm-firm.com

**Kutak Rock LLP**
Jeffrey M. Giancana
AZ Bar No. 035031
8601 North Scottsdale Road, #300
Scottsdale, AZ 85253
(480) 429-4834
jeffrey.giancana@kutakrock.com

**REEVE, AUGUSTINE, ALARAKHIA, PLLC**
Ashley Reeve Basnett
P.O. Box 1398
Athens, TX 75751
(903) 887-0602
ashley@reeveaugustine.com

_/s/ Becky Phillips_____

Becky Phillips